IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zerell McClurkin, | ) C/A No. 2:13-1507-RMG-BHH |
| Plaintiff, | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| Bill Byer, Commissior of SCDC; Warden Larry Carledge; Sgt. Lawless; Sgt. Cotter, | ) |
| Defendants. | ) |

Plaintiff, Zerell McClurkin ("Plaintiff"), a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") in Perry Correctional Institution ("PCI"), in Pelzer, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, seeking monetary damages and declaratory relief.[1] Plaintiff is proceeding *pro se* and *in forma pauperis*, pursuant to 28 U.S.C. §§ 1915 and 1915A. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed Plaintiff's Complaint, ECF No. 1, in accordance with applicable law, the undersigned recommends that the Complaint be summarily dismissed, without prejudice and without

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

issuance and service of process, because it fails to state a claim upon which relief may be granted by this court.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff brings this § 1983 claim and supplemental state law claim seeking monetary damages and declaratory relief in connection with the loss of his "legal material," *i.e.* personal property. Plaintiff also alleges that Defendants' loss of his legal material violated Plaintiff's First Amendment right of access to the courts to pursue his "active civil, administrative and criminal cases." Complaint, ECF No. 1, p. 5. Plaintiff also alleges that Defendants "subject[ed] him to improper seizure of his property," by failing to seal his

2

property bag, permitting its contents to be lost, thus violating Plaintiff's Fourth Amendment rights. Plaintiff also alleges Defendants violated his Fourteenth Amendment rights "by not allowing Plaintiff due process of law" though their violation of SCDC policies and procedures "on how to pack a prisoner['s] property." *Id.* Finally, Plaintiff alleges that Defendants "committed 'gross negligence.'" *Id.*

The Defendants, all sued in their individual and official capacities, are: SCDC Commissioner Byer (sic),[2] PCI Warden Carledge (sic),[3] Sgt. Lawless of PCI's Special Management Unit ("SMU"), and Sgt. Cotter of special investigations at PCI. Although not listed on the caption of Plaintiff's Complaint, there is also a John Doe defendant who is described in the body of the Complaint as follows: "John Doe was the officer in the SMU on the B-2 shift at PCI on the date 5/24/12 at the SCDC." Complaint, ECF No. 1, p. 3.[4]

Plaintiff alleges that on May 24, 2012 he was placed in a control cell by Defendants Lawless and Doe, who packed up and took all of Plaintiff's personal property out of his old cell. *See* Complaint, ECF No. 1, p. 4. On May 28, 2012, when Plaintiff's personal property was returned, Plaintiff received three inventory sheets, one of which was signed by Lawless and Doe, which referred to seal # 705246. The second sheet, signed by Cotter, referred to seal # 131469. The third sheet was signed by Lawless but had no seal # on it. The sheet signed by Cotter stated that Cotter put all of Plaintiff's legal material in Plaintiff's

---

[2] The proper spelling of the SCDC Commissioner's last name is Byars.

[3] The proper spelling of the PCI Warden's last name is Cartledge.

[4] Because this case is being recommended for summary dismissal, the undersigned has not ordered that the unidentified John Doe defendant be added to the case caption and the docket.

3

property bag. However, Plaintiff's legal material was missing from his returned property. *Id.* Plaintiff alleges that he immediately notified the unknown officer who was returning Plaintiff's property, who told Plaintiff that he would have to speak with Cotter, Lawless, and Doe because he had given Plaintiff everything that was in Plaintiff's property bag, but the bag had no seal on it. Plaintiff alleges that Cotter told him he put all of Plaintiff's legal material in the property bag and he didn't know anything about any missing legal material. Plaintiff alleges that Lawless and Doe said the same thing, but told Plaintiff the property bag never had a seal. Plaintiff alleges that his legal material was comprised of Plaintiff's: trial transcript; motion for discovery; letters from his trial lawyer, clerk of court, and appeal lawyer; some research on his PCR; cases that his family and appeal lawyer had sent to him; his appeal brief and the respondent's brief in his PCR. *Id.*

Plaintiff alleges that he wrote a grievance, and wrote to the warden, assistant warden, Cpt. Early, and Cpt. R. Ashton, but he "ha[s] heard nothing about [Plaintiff's] legal work after [Plaintiff] wrote these people and they haven't respond back to [Plaintiff] yet." *Id.* Plaintiff alleges: "Plaintiff then exhausted his administrative remedies through the inmates grievance system by filing an grievance (the grievance will be presented later in suit.) For months Plaintiff still tried to avoid filing suit to address these constitutional and state law violations, to no avail." Complaint, ECF No. 1, p. 5. Elsewhere in the Complaint, Plaintiff alleges that he filed a grievance on "6/8/12" and checks the blank indicating that he has not received a final agency answer to his grievance. *See* Complaint, ECF No. 1, p. 2. Thus, Plaintiff appears to allege that Defendants made the grievance process unavailable to him, within the meaning of §1997e(a) of the PLRA, by failing to respond to

his grievance for almost a year.  *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010); *Bacon v. Greene*, 319 F. App'x 256, 257-58 (4th Cir. 2009).

Plaintiff asks for "punitive damages in the amount of $500,000.00" and a "judgment granting Plaintiff [a] declaration that the acts and omissions described herein violated Plaintiff's 1st, 4th & 14th amendments of constitutional rights and the South Carolina state laws of gross negligence."  Complaint, ECF No. 1, p. 6.

## DISCUSSION

With respect to Plaintiff's allegation that Defendants violated his Fourteenth Amendment rights, even an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals).  Plaintiff has a meaningful remedy under South Carolina law to obtain relief for the alleged damage to his personal property, by bringing an action against the State of South Carolina in state court, pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq.  *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *see also Hudson*, 468 U.S. at 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the

5

State refuses to provide a suitable post-deprivation remedy); *Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); *Yates v. Jamison*, 782 F.2d 1182, 1183-184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).[5]

Additionally, Plaintiff's allegation that Defendants did not follow SCDC policies or procedures, standing alone, does not amount to a constitutional violation. *See Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). It is well settled that prisoners have no federal constitutional right to an inmate grievance system and, if a grievance system exists, corrections officials' failure to properly apply the grievance procedure is not actionable under § 1983. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

Insofar as Plaintiff alleges that Defendants violated Plaintiff's Fourth Amendment rights, this claim is meritless. Although both state and federal prisoners retain many

---

[5] *Yates* has been partially overruled for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). However, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

constitutional rights, incarceration inherently limits certain constitutional rights of prisoners. When a person is lawfully convicted and confined to jail, he or she loses a significant interest in his or her liberty for the period of the sentence. *See Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Specifically, pursuant to *Hudson v. Palmer*, 468 U.S. 517, 526 (1984), the Fourth Amendment prohibition against unreasonable searches and seizures does not apply to prison cells because "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." Also, pursuant to *Sandin v. Conner*, 515 U.S. 472, 484 (1995), an inmate is entitled to a limited Fourteenth Amendment right of due process only if a challenged official action or condition of his or her confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"[6] which, in the Fourth Circuit, has been held **not** to include placement or retention in segregated protective custody,[7] disciplinary detention, or segregated administrative confinement.[8] Thus, the seizure of Plaintiff's personal property in connection with Plaintiff's placement in a control cell in PCI's SMU is not a basis for a due process claim.

With respect to Plaintiff's allegation that Defendants violated his First Amendment right of access to the courts by losing his legal material, prison or jail officials deny prisoners their right to "meaningful access to the courts" by depriving them of a "reasonably adequate opportunity" to challenge their sentence or conditions of confinement. *See*

---

[6] For example, physical restraint, transfer to a mental hospital, or the involuntary administration of psychotropic drugs. *See Sandin,* 515 U.S. at 483-84.

[7] *See Allgood v. Morris*, 724 F.2d 1098, 1101 (4th Cir. 1984).

[8] *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997).

*Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). Depriving prisoners of this opportunity only "in some theoretical sense" will not establish a violation of the right to access the courts. *Lewis,* 518 U.S. at 351. Rather, a prisoner seeking to assert an access-to-court claim under § 1983 must specifically allege facts that would support a finding that jail or prison officials' conduct inflicted an "actual injury," *i.e.*, that the conduct hindered his efforts to pursue a non-frivolous legal claim. *Id.* at 351-53; *see Magee v. Waters*, 810 F.2d 451 (4th Cir.1987). Here, Plaintiff alleges that Defendants lost his legal material, which was comprised of Plaintiff's trial transcript; motion for discovery; letters from his trial lawyer, clerk of court, and appeal lawyer; some research on his PCR; cases that his family and appeal lawyer had sent to him; his appeal brief and the respondent's brief in his PCR. *See* Complaint, ECF No. 1, p. 4. However, Plaintiff does not allege that this loss resulted in the dismissal of a pending PCR application, or a civil lawsuit regarding the conditions of his confinement, filed by Plaintiff. In the absence of an actual injury and prejudice resulting from Plaintiff's loss of his legal materials to date, Plaintiff fails to state a claim under § 1983 upon which relief may be granted. Therefore, this claim is also subject to summary dismissal without prejudice. *See Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999) (court may not rewrite a petition to include claims that were never presented); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993) (court may not construct the plaintiff's legal arguments for him); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (court may not"conjure up questions never squarely presented" to it).

With respect to Plaintiff's allegation that Defendants were grossly negligent, negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v.*

*Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995). Further, this District Court and other courts which have addressed the issue have found that there is no cause of action for negligent investigation under § 1983 on the basis that deliberate acts are required. *See Carter v. Bone*, Civil Action No. 3:09-779-CMC-JRM, 2010 WL 558598 at *6 (D.S.C., Feb. 10, 2010); *Von Williams v. City of Albany*, 936 F.2d 1256, 1260-61 (11th Cir. 1991); *Williams v. City of Bridge City, Tex.*, 588 F. Supp. 1187, 1190 (E.D.Tex. 1984); *Merrell v. Duffy*, 1992 WL 168010 (E.D.Pa. 1992) (a claim of negligent investigation does not rise to the level of constitutional violation which may be asserted under § 1983).

Moreover, as discussed above, to the extent that Plaintiff's Complaint seeks monetary damages and alleges that Defendants, as SCDC employees, were negligent, Defendants have Eleventh Amendment immunity in this court from a lawsuit based on acts taken in their official capacities.[9] The Eleventh Amendment to the United States

---

[9] To the extent that Plaintiff also seeks a "judgment granting Plaintiff [a] declaration that the acts and omissions described herein violated Plaintiff's 1st, 4th & 14th amendments of constitutional rights and the South Carolina state laws of gross negligence," Complaint, ECF No. 1, p. 6, the Eleventh Amendment does not provide immunity from actions seeking injunctive or declaratory relief. *See Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir.2003). However, "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). The declaratory judgment sought here by Plaintiff is not declaratory relief in the true legal sense (*see* Fed. R. Civ. P. 57; 28 U.S.C. § 2201) and Plaintiff's Complaint is not an appropriate pleading which states the type of "case of actual controversy" required to invoke the jurisdiction of this court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a). "Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 F. App'x at 477 (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to

Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a state may waive sovereign immunity, *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002), and consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 99. However, the State of South Carolina has not consented to such actions. Section 15-78-10, *et seq.* of the South Carolina Code of Laws, *i.e.* the South Carolina Tort Claims Act, expressly provides that the State of South Carolina does not

---

proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed.Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). Plaintiff is not entitled to the declaratory relief that he seeks in the instant Complaint because he does not ask the court to define the parties' rights in the future, he seeks merely a declaration from the court that Defendants violated his rights in the past . *See Abebe v. Richland County*, C/A No. 2:09-02469-MBS-RSC, 2009 WL 6582396 at *4 (D.S.C. 2009); *Wise v. United States*, C/A No. 6:09-1376-HFF-WMC, 2009 WL 2358362 at *4 (D.S.C. 2009).

waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *See McCall v. Batson*, 285 S.C. 243, 329 S.E. 2d 741, 743 (1985). As noted above, Plaintiff may pursue a negligence claim against the State of South Carolina, under the South Carolina Tort Claims Act, only in state court. Additionally, as Plaintiff has failed to show that Defendants violated his rights under § 1983, as discussed above, Plaintiff's state law negligence claim should be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

### **RECOMMENDATION**

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.


s/Bruce Howe Hendricks
United States Magistrate Judge

June 14, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).