IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Zerell McClurkin, | ) | |
| | ) | C/A No. 2:13-1507-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bill Byer, Commissioner of SCDC; | ) | |
| Warden Larry Carledge; Sgt. Lawless | ) | |
| Sgt. Cotter, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this Court dismiss without prejudice *pro se* Plaintiff Zerell McClurkin's action brought under 42 U.S.C. § 1983. (Dkt. No. 10). For the reasons stated below, the Court adopts the R&R as the order of the Court and dismisses this action without prejudice.

**Background**

Plaintiff, a state prisoner currently incarcerated at Perry Correctional Institution ("PCI"), in Pelzer, South Carolina, filed this section 1983 action seeking monetary damages and declaratory relief for the loss of his legal materials by PCI staff. (Dkt. No. 1 at 3, 6). The defendants, all sued in their individual and official capacities, are: South Carolina Department of Corrections ("SCDC") Commissioner Byer [sic],[1] PCI Warden Carledge [sic],[2] Sgt. Lawless of

---

[1] The proper spelling of the SCDC Commissioner's last name is "Byars."
[2] The proper spelling of the PCI Warden's last name is "Cartledge."

PCI's Special Management Unit ("SMU"), and Sgt. Cotter of special investigations at PCI.[3] (*Id.* at 3).

This matter was automatically referred to a Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for all pretrial proceedings. The Magistrate Judge reviewed the complaint under 28 U.S.C. § 1915 and issued an R&R recommending that this Court dismiss the action without prejudice. (Dkt. No. 10 at 1). Plaintiff then filed objections to the R&R. (Dkt. No. 12).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

The court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a

---

[3] There is also a John Doe defendant described in the body of the complaint, who is not listed in the caption. (Dkt. No. 1 at 3). Since the case is being dismissed on grounds unaffected by the additional allegations against this individual, the John Doe defendant is not added to the case caption and docket.

cognizable claim or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### Law/Analysis

The Magistrate Judge thoroughly reviewed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss this action. (Dkt. No. 10 at 1). Plaintiff alleges that Defendants lost his legal materials, including his trial transcript, motion for discovery, correspondence with his attorneys and the clerk of court, research on his petition for post-conviction relief and other documents. (Dkt. No. 1 at 4). Plaintiff claims that the loss of these legal materials violated his First Amendment right of access to the courts "to pursue his active civil, administrative and criminal cases . . . ." (*Id.* at 5). However, Plaintiff fails to specify whether and how the loss of these materials has caused him an actual injury—that is, hindered his ability to pursue a non-frivolous legal claim by, for example, causing him to miss a filing deadline. *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996). Accordingly, Plaintiff has failed to state a cognizable access to the courts claim.

Plaintiff also claims that his Fourteenth Amendment rights were violated when Defendants lost his legal materials. (Dkt. No. 1 at 5). However, the Magistrate Judge correctly explained that even an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause where a meaningful post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A meaningful remedy is available to Plaintiff under the South Carolina Tort Claims Act. *See* S.C. Code § 15-78-10 *et seq.* Moreover, Plaintiff has claimed only that items were missing from his property bag when it was returned to him, unsealed. (Dkt. No. 1 at 4). He has thus failed to allege specific facts to support his assertion that Defendants acted with "gross negligence," or any level of intent

beyond mere negligence, when they lost his legal materials. *See Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001). As a result, he has also failed to state a Fourteenth Amendment claim on which relief may be granted.

## Conclusion

After reviewing the record, the Magistrate Judge's R&R, and Plaintiff's objections, this Court concludes that the Magistrate Judge accurately applied the law to the facts of this case. Accordingly, the Court adopts the R&R as the order of this Court and DISMISSES this action without prejudice.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Court Judge

July  15 , 2013
Charleston, South Carolina

- 4 -